IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH ZIMMERN, a Harris County Registered Voter; WILLIAM SOMMER, a Harris County Registered Voter; and CAROLINE KANE, a Harris County Registered Voter,<br><br>*Plaintiffs*,<br><br>v.<br><br>JUDGE LINA HIDALGO, in her official capacity as County Judge for Harris County, Texas; and TENESHIA HUDSPETH, in her official capacity as County Clerk for Harris County, Texas,<br><br>*Defendants*. | Civil Action No. 4:24-cv-04439 |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Pursuant to Local Rule 7.4(E), Defendants Harris County Judge Lina Hidalgo ("Judge Hidalgo") and Harris County Clerk Teneshia Hudspeth ("Clerk Hudspeth") file this reply in support of their motion to dismiss.

### NATURE AND STAGE OF THE PROCEEDING

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, asserting that "the constitutional rights of voters to a secret ballot" have been compromised in violation of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Defendants filed their Rule 12(b)(1) and (6) motion to dismiss on December 11, 2024. Plaintiffs filed their response in opposition to that motion on January 14, 2025.

1

## ARGUMENT

**I. THE COURT SHOULD GRANT DEFENDANTS' RULE 12(B)(1) MOTION.**

### A. Plaintiffs do not have standing.

Plaintiffs' response fails to show that their alleged injuries consist of anything other than generalized grievances and speculative assertions of non-imminent future injury that are neither fairly traceable to Defendants nor redressable by this Court. Plaintiffs assert that "[i]t is the Defendants' collection of individual voters' identifiable information which is the violation of the constitutional right to political privacy of which the Plaintiffs complain," and that "[t]he constitutional violation occurs at the time of collection." Pls.' Resp. at 9. But Plaintiffs fail to allege any facts at all to plausibly indicate that information collected about *them* makes it possible for *their own* votes to be ascertained, whether by county officials or by the general public.[1] Plaintiffs' failure to plausibly allege that their own ballots can be traced back to them means that their claims rely on either: (1) the factually unsupported, and thus entirely speculative, possibility that their own votes might be ascertainable; or (2) the supposed violation of the constitutional rights of other individuals who are not parties to this case. Either way, Plaintiffs have failed to establish their standing under Article III.[2]

---

[1] Plaintiffs inaccurately claim that "Defendants have admitted in their memorandum that the voting system they chose and administer allows one to discover how a voter voted." Pls.' Resp. at 6. Plaintiffs notably omit the first part of the sentence they quote, which makes clear that Defendants' arguments are based on "Plaintiffs' own allegations," Mem. Supp. Mot. to Dismiss at 4. Under the applicable standard of review, those allegations must be taken as true at this stage of the proceedings.

[2] Plaintiffs mistakenly assert that Defendants "ignore" the Weible affidavit attached to the complaint. Pls.' Resp. at 7 n.3. Weible's affidavit does not support Plaintiffs' assertion of standing, as it contains no facts at all concerning any of the three Plaintiffs and specifically avers that Mr. Weible "ha[s] not reviewed the Harris County records." Weible Aff. ¶ 22.

Plaintiffs rely heavily on *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), but that case lends no support to their assertion of standing. In *NAACP*, the Supreme Court held that an Alabama state-court order requiring the NAACP to produce the names and addresses of its members was an unconstitutional denial of due process because it would restrain those members' exercise of their right to freedom of association. *NAACP* is distinguishable in two crucial respects. First, in *NAACP*, the information that the state sought to compel the NAACP to disclose would have directly and unquestionably revealed the identities and addresses of the organization's members. Here, by contrast, none of the three Plaintiffs has plausibly alleged that any information collected about them allows the ballots they cast to be identified as their own. Second, in *NAACP*, the Supreme Court emphasized that the NAACP had "made an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility." 357 U.S. at 462. Plaintiffs have made no similarly concrete allegations of actual harm that they have or are imminently likely to suffer if their ballots are traced back to them.

Plaintiffs assert, without any basis in the complaint, that "[a] judge [Zimmern] appears before could look up whether Zimmern voted for that judge," Pls.' Resp. at 10, and that Zimmern's ballot is "searchable and easily known to county officials," *id.* As extensively explained in Defendants' motion to dismiss, Plaintiffs' complaint contains no facts indicating that Zimmern's ballot can be identified as his. Similarly baseless is Plaintiffs' assertion that "[t]he complaint and accompanying affidavits explain how the County's failure to redact sensitive voter information enabled the identification of Kane's ballot." *Id.* at 11. Nowhere do the complaint or attached affidavits explain how Kane's ballot was allegedly disclosed.

3

In their response, Plaintiffs inexplicably assert that "[t]he voting system in Harris County has the same constitutional injury as if the Defendants put all voters' ballots on the Internet in a searchable database" and that "[t]he private ballots of voters are known to the county government." Pls.' Resp. at 4. But Plaintiffs do not allege in their complaint that every voter's vote is capable of being ascertained based on the information contained in election records, nor do they allege that Defendants have ever matched ballots to individual voters or disclosed such paired information to the public. Their complaint contains no facts to support such assertions.

**B. Plaintiffs fail to show any connection to Judge Hidalgo.**

Plaintiffs fail to rebut Defendants' argument that their complaint contains no factual allegations connecting their claims to any actions taken by Judge Hidalgo. Plaintiffs refer to Defendants as "election officials responsible for the choice and administration of Harris County's elections systems," Pls.' Resp. at 12, and assert that "Defendants choose which voting system to use and the manner of the software's application," *id.* at 4. But the complaint contains no allegations relating to Defendants' purported actions in selecting a voting system or in using voting software, and Plaintiffs fail to explain how those alleged actions are connected to the injuries they claim.

Plaintiffs also assert that "Defendants' roles as County Judge and County Clerk place them in positions of authority over the administration of elections and the release of voting records, making them directly responsible for the harm alleged." Pls.' Resp. at 12. But the statutory provisions that Plaintiffs cite do not demonstrate any relevant connection to Judge Hidalgo. Section 123.001 of the Texas Election Code merely provides, in relevant part, that "the commissioners court" must adopt a voting system for use in elections, while section 66.001 of the Election Code

simply confirms that the County Clerk—not Judge Hidalgo—is the general custodian of election records.

### C. Plaintiffs fail to allege an "ongoing violation of federal law" to support their claims under *Ex parte Young*.

Plaintiffs disclaim any attempt to "seek retroactive relief or monetary damages from the Defendants." Pls.' Resp. at 8. But their claims for prospective injunctive relief are also barred because they have failed to plead "an ongoing violation of federal law" necessary to support the *Ex parte Young* exception to Eleventh Amendment immunity. *See Mi Familia Vota v. Ogg*, 105 F.4th 313, 324 (5th Cir. 2024). In particular, Plaintiffs' complaint does not plausibly allege any unlawful "continuing conduct" on Defendants' part. *See Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 473 (5th Cir. 2020). Rather, the complaint alleges a single instance in which "records from Harris County were delivered without the redactions required by Election Advisory No. 2024-20." Complaint ¶ 51. What is more, Plaintiffs now maintain that "Election Advisory 2024-20 is only an 'advisory'" and "[i]t is not a legally enforceable directive or mandate and carries no force of law." Pls.' Resp. at 12 n.8. Plaintiffs do not plausibly allege that unredacted disclosures will recur, and as noted in the motion to dismiss, Defendants are granted "a presumption of good faith because they are public servants." *Moore v. Brown*, 868 F.3d 398, 407 (5th Cir. 2017).

## II. THE COURT SHOULD GRANT DEFENDANTS' RULE 12(B)(6) MOTION.

### A. Plaintiffs fail to allege municipal liability under § 1983.

As explained in the motion to dismiss, because Plaintiffs sue Defendants in their official capacities, their claims—to the extent they remain viable in spite of Defendants' other arguments—must be construed as claims against Harris County itself. Mem. Supp. Mot. to Dismiss at 18. But to state a § 1983 claim against a municipality, a plaintiff must allege sufficient facts to plausibly show: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual

5

or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (internal quotation marks and citations omitted)). Plaintiffs failed to allege any of these elements in their complaint, and they fail to show anything to the contrary in their response.

### B. Plaintiffs fail to state an Equal Protection claim.

Plaintiffs contend that "[t]he Harris County voting system treats voters differently based on where they vote" because "[v]oters in regular election day precincts enjoy a secret ballot" while "[v]oters at county voting centers do not." Pls.' Resp. at 18. Plaintiffs' own complaint fails to support this claim. Plaintiffs do not allege that the vote of everyone who votes at a countywide voting center can be identified. Nor do they allege that voters are treated any differently, based on where they vote, with respect to the information collected from them and incorporated into election records. Rather, Plaintiffs claim that election records from countywide vote centers may make it easier to match ballots to individual voters, and that this is due to the greater statistical likelihood of uniquely identifying a given voter at a countywide vote center based on the time and place the voter casts a ballot. At most, Plaintiffs' allegations indicate disparate impact, not the purposeful discrimination necessary to support a claim of disparate treatment under the Fourteenth Amendment. Mem. Supp. Mot. to Dismiss at 22.

\*   \*   \*

The remainder of Plaintiffs' argument are adequately rebutted by Defendants' memorandum filed in support of their motion to dismiss.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion and dismiss all claims against Defendants.

Dated: January 21, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**CHRISTIAN D. MENEFEE**
　　　　　　　　　　　　　　　　　　　　HARRIS COUNTY ATTORNEY

　　　　　　　　　　　　　　　　　　　　**JONATHAN G.C. FOMBONNE**
　　　　　　　　　　　　　　　　　　　　DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

　　　　　　　　　　　　　　　　　　　　**TIFFANY S. BINGHAM**
　　　　　　　　　　　　　　　　　　　　MANAGING COUNSEL,
　　　　　　　　　　　　　　　　　　　　AFFIRMATIVE & SPECIAL LITIGATION DIVISION

　　　　　　　　　　　　　　　　　　　　*/s/ Edward D. Swidriski III*
　　　　　　　　　　　　　　　　　　　　**EDWARD D. SWIDRISKI III**
　　　　　　　　　　　　　　　　　　　　*Attorney-in-Charge*
　　　　　　　　　　　　　　　　　　　　Senior Assistant County Attorney
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24083929
　　　　　　　　　　　　　　　　　　　　SDTX Fed. Bar No. 3089960
　　　　　　　　　　　　　　　　　　　　1019 Congress Plaza, 15th Floor
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　Telephone: (713) 274-5101
　　　　　　　　　　　　　　　　　　　　Facsimile: (713) 755-8924
　　　　　　　　　　　　　　　　　　　　Edward.Swidriski@harriscountytx.gov

　　　　　　　　　　　　　　　　　　　　**CHRISTOPHER GARZA**
　　　　　　　　　　　　　　　　　　　　Deputy Division Director
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24078543
　　　　　　　　　　　　　　　　　　　　SDTX Fed. Bar No. 1670532
　　　　　　　　　　　　　　　　　　　　Christopher.Garza@harriscountytx.gov

　　　　　　　　　　　　　　　　　　　　**NINA L. M. OISHI**
　　　　　　　　　　　　　　　　　　　　Assistant County Attorney
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24142250
　　　　　　　　　　　　　　　　　　　　SDTX Fed. Bar No. 3896599
　　　　　　　　　　　　　　　　　　　　Nina.Oishi@harriscountytx.gov

　　　　　　　　　　　　　　　　　　　　**OFFICE OF THE HARRIS COUNTY ATTORNEY**
　　　　　　　　　　　　　　　　　　　　1019 Congress Plaza, 15th Floor
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　Telephone: (713) 274-5101
　　　　　　　　　　　　　　　　　　　　Facsimile: (713) 755-8924

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 21, 2025, a true and correct copy of the foregoing reply brief was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                             */s/ Edward D. Swidriski III*
                                             **EDWARD D. SWIDRISKI III**
                                             Attorney-in-Charge