IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH ZIMMERN; WILLIAM SOMMER; and CAROLINE KANE,<br><br>*Plaintiffs,*<br><br>v.<br><br>JUDGE LINA HIDALGO, *in her official capacity as County Judge for Harris County, Texas*; and TENESHIA HUDSPETH, *in her official capacity as County Clerk for Harris County, Texas*,<br><br>*Defendants.* | Civil Action No. 4:24-cv-04439 |

**DEFENDANTS' ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Judge Lina Hidalgo and County Clerk Teneshia Hudspeth (collectively, "Defendants"), by and through undersigned counsel, hereby answer Plaintiffs' First Amended Complaint (the "Complaint"), ECF No. 33. Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

**Plaintiffs' Prefatory Statements**

The first paragraph on page 1 of the Complaint contains Plaintiffs' characterization of their claims and legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in that paragraph. Defendants aver that ballot secrecy is important and that this case does not require the Court to decide whether the United States Constitution provides voters the right to a secret ballot.

1

The second paragraph on page 1 of the Complaint contains Plaintiffs' characterization of this action and legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in that paragraph. Defendants object to Plaintiffs' use of the term "Harris County," which they fail to define and appear to employ in reference to unidentified actors, as in the third sentence of this paragraph and at various other points in the Complaint.[1] Defendants aver that ballot secrecy is important and that the voting system used in Harris County does not violate ballot secrecy.

## INTRODUCTION

1. Defendants deny the allegations contained in paragraph 1.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3, except that they admit that election auditability is one reason that the State of Texas has chosen to enact laws providing for public access to certain election records.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

---

[1] Defendants renew their objection to every such occurrence in Plaintiffs' First Amended Complaint of the term "Harris County."

8. Paragraph 8 consists of legal conclusions to which no response is necessary. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8. Defendants aver that the Supreme Court's decision in *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), speaks for itself.

9. Paragraph 9 consists of legal conclusions to which no response is necessary. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9. Defendants aver that the Supreme Court's decision in *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), speaks for itself.

10. Paragraph 10 consists of legal conclusions to which no response is necessary. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10. Defendants aver that the Supreme Court's decision in *McIntyre v. Ohio Elections Commission*, 514 U.S. 334 (1995), speaks for itself.

11. Paragraph 11 consists of legal conclusions to which no response is necessary. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12. Paragraph 12 consists of Plaintiffs' characterization of this action, to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in paragraph 12.

## JURISDICTION AND VENUE

13. Paragraph 13 consists of Plaintiffs' characterization of this action, to which no response is necessary. To the extent a response is required, Defendants admit only so much of

paragraph 13 as alleges that Plaintiffs purport to bring this action under 42 U.S.C. § 1983 and 1988, and they deny the remainder of the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Paragraph 15 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in paragraph 15. Defendants aver that this Court lacks jurisdiction because this action does not satisfy the requirements of Article III of the United States Constitution.

16. Paragraph 16 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

17. Paragraph 17 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary.

18. Paragraph 18 sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, and to which no response is necessary. To the extent a response is required: (1) Defendants admit only so much of paragraph 18 as alleges that Defendants reside in this district; (2) Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiffs reside in this district; and (3) Defendants deny the remainder of the allegations in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

## PARTIES

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22.

23. Defendants admit only so much of paragraph 23 as alleges: that Defendant Judge Lina Hidalgo is the County Judge for Harris County, Texas; that Plaintiffs claim to sue Judge Hidalgo in her official capacity; and that Judge Hidalgo is represented in this matter by the Harris County Attorney, Christian D. Menefee. Defendants deny the remainder of the allegations contained in paragraph 23.

24. Defendants admit the allegations contained in paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25.

## FACTUAL ALLEGATIONS

Section heading "A" on page 8 of the Complaint is non-substantive and neither requires, nor permits, a response.

26. Defendants admit the allegations contained in paragraph 26.

27. Defendants admit the allegations contained in paragraph 27.

28. Defendants admit the allegations contained in paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29. Defendants aver that the webpage referenced in paragraph 29 speaks for itself.

30. Defendants admit the allegations contained in paragraph 30.

31. Defendants admit the allegations contained in paragraph 31.

32. Defendants admit only so much of paragraph 32 as alleges that it is currently expected that countywide polling locations will be used in Harris County in 2025 and 2026. In all other respects, the allegations in paragraph 32 are denied because Defendants lack knowledge or information sufficient to form a belief about the occurrence of future events.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants admit only so much of paragraph 36 as alleges that, after each election, members of the public may request to inspect cast vote records. Defendants deny the remainder of the allegations contained in paragraph 36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to "voter . . . data," a term that Plaintiffs do not define.

37. Defendants admit only so much of paragraph 37 as alleges that, after each election, voting rosters are made publicly available, and voting rosters list the relevant precinct. Defendants deny the remainder of the allegations contained in paragraph 37.

38. Defendants admit only so much of the first sentence of paragraph 38 as alleges that ensuring election auditability is one of the purposes for which Texas law makes certain election records available for public inspection; Defendants deny the remainder of the allegations contained

in the first sentence of paragraph 38. Defendants admit only so much of the second sentence of paragraph 38 as alleges that the number of ballots cast for a given precinct, as shown in a precinct report, should match the actual number of ballots cast for each precinct, regardless of which vote centers voters used; in all other respects, Defendants deny the allegations contained in the second sentence of paragraph 38. Defendants admit only so much of the third sentence of paragraph 38 as alleges that each candidate's vote total should match the actual number of valid votes cast for that candidate, regardless of where such votes were cast; in all other respects, Defendants deny the allegations contained in the third sentence of paragraph 38.

Section heading "B" on page 10 of the Complaint: Defendants deny the allegations contained in this heading.

39. Defendants admit only so much of the first sentence of paragraph 39 as alleges that, in Harris County, electronic poll books are used to record the vote center/polling place at which prospective voters present themselves to vote, and the time that the prospective voter is checked-in to vote; in all other respects, Defendants deny the allegations contained in the first sentence of paragraph 39. Defendants admit the allegations contained in the second sentence of paragraph 39.

40. Defendants admit the allegations contained in the first sentence of paragraph 40. Defendants admit only so much of the second sentence of paragraph 40 as alleges: (1) that cast vote records include the date that the vote was cast, but only if the vote was cast on Election Day; and (2) that cast vote records include the polling location, precinct, and serial number of the machine tabulating each ballot. Defendants deny the remainder of the allegations contained in the second sentence of paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

Section heading "C" on page 11 of the Complaint: Defendants deny the allegations contained in this heading.

Section heading "i" on page 11 of the Complaint: Defendants deny the allegations contained in this heading.

42. Defendants admit the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44. Defendants aver that voter "rolls" are maintained by the Voter Registrar's Office.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50.

51. Defendants admit only so much of paragraph 51 as alleges that Barry Wernick obtained cast vote records for the Harris County Republican and Democratic Primaries held in 2024. Defendants deny the remainder of the allegations contained in paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60.

Section heading "ii" on page 14 of the Complaint: Defendants deny the allegations contained in this heading.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61.

62. Defendants admit the allegations contained in paragraph 62.

63. Paragraph 63 contains quoted excerpts from a publicly available document that speaks for itself and to which no response is necessary. To the extent a response is required, Defendants admit only that the excerpt quoted on page 14 of the Complaint appears to be reproduced correctly, and that the categories of information identified in the advisory as being "possible" redactions appear to be correctly reproduced in subparagraphs (a) through (j) of paragraph 63. In all other respects, Defendants deny the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants admit only so much of paragraph 65 as alleges that Texas statutes require such information to be collected and maintained by the official designated in the statute; in all other respects, Defendants deny the allegations contained in paragraph 65.

66. Defendants admit only so much of paragraph 66 as alleges that Texas statutes may require that such information, collected and maintained by the official designated in the statute, to be made available for public inspection in response to an open records request, subject to potential redaction.

67. Defendants admit only so much of the first sentence of paragraph 67 as alleges that the Harris County Clerk's Office collects the information listed in paragraph 63; in all other respects, Defendants deny the allegations contained in that sentence. Defendants deny the allegations contained in the second sentence of paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69.

70. Defendants deny the allegations contained in paragraph 70.

71. Defendants deny the allegations contained in paragraph 71.

72. Defendants admit only so much of paragraph 72 as alleges that Stuart Wernick made a request for information related to Harris County voting records on September 30, 2024, and that the Harris County Clerk's Office provided some, but not all, of the requested records to him on October 2, 2024. Defendants deny the remainder of the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 75. Defendants aver that Election Advisory 2024-21 speaks for itself.

76. Paragraph 76 contains a quoted excerpt from a publicly available document that speaks for itself and to which no response is necessary. To the extent a response is required, Defendants admit only that the excerpt quoted appears to be an accurate reproduction of that portion of the advisory.

77. Defendants deny the allegations contained in the first sentence of paragraph 77 and aver that the system used by Harris County does not create a direct link between the electronic poll book and the voter's ballot through direct numbering of the ballots. Defendants admit only so much of the second sentence of paragraph 77 as alleges that the printed vote record includes a random ballot number and precinct; Defendants deny the remainder of the allegations contained in the second sentence of paragraph 77. Defendants deny the allegations contained in the third sentence of paragraph 77. The fourth sentence of paragraph 77 contains Plaintiffs' summary of a publicly available document that speaks for itself and to which no response is necessary; to the extent a response is required, Defendants admit only that Election Advisory No. 2024-21 states that "revised standards prohibit the generation of ballot numbers using electronic pollbook systems or

using peripheral devices that directly connect to electronic pollbook systems"; in all other respects, Defendants deny the allegations contained in this sentence.

78. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 78.

## CAUSES OF ACTION

### COUNT I

79. Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

80. Defendants deny the allegations contained in paragraph 80.

81. Defendants deny the allegations contained in paragraph 81.

82. Paragraph 82 consists of legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in paragraph 82. Defendants aver that the First Amendment to the United States Constitution protects freedom of speech and of association, subject to qualifications and limitations recognized by law.

83. Defendants deny the allegations contained in paragraph 83.

84. Defendants deny the allegations contained in paragraph 84.

85. Defendants deny the allegations contained in paragraph 85.

### COUNT II

86. Defendants repeat and incorporate by reference each and every response to the preceding paragraphs as stated therein.

87. Defendants deny the allegations contained in paragraph 87.

88. Defendants admit the allegations contained in paragraph 88.

89. Defendants deny the allegations contained in paragraph 89.

90. Defendants deny the allegations contained in paragraph 90.

91. Defendants deny the allegations contained in paragraph 91.

92. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 92.

**Plaintiffs' Prayer for Relief**

Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein, and deny that Plaintiff are entitled to any relief or judgment whatsoever in this case, either as prayed for in the Complaint or otherwise.

**AFFIRMATIVE AND OTHER DEFENSES**

In addition to those stated below, Defendants reserve the right to amend this Answer to state any avoidance or affirmative or other defenses as they may become known.

**First Defense**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Pursuant to Article III of the United States Constitution, this Court lacks subject-matter jurisdiction over this action because: Plaintiffs lack standing; Plaintiffs' claims are not ripe; Plaintiffs' claims are moot; and Plaintiffs' claims present a non-justiciable political question.

**Third Defense**

Defendant Judge Hidalgo is not a proper party to this action.

**Fourth Defense**

Pursuant to the Eleventh Amendment to the United States Constitution and the principle of sovereign immunity that it embodies, Defendants are immune from this suit, and this Court lacks jurisdiction.

**Fifth Defense**

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with federal and state law.

**Sixth Defense**

Plaintiffs are not entitled to damages in this action.

**Seventh Defense**

To the extent Plaintiffs assert claims against Defendants in their individual capacities, Defendants are entitled to qualified immunity.

**Eighth Defense**

Plaintiffs have not alleged sufficient factual or legal bases for their request for costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Answer be deemed good and sufficient; that all claims by Plaintiffs against Defendants be dismissed, with prejudice; and that such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

Dated: April 28, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G.C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**TIFFANY S. BINGHAM**
MANAGING COUNSEL,
AFFIRMATIVE & SPECIAL LITIGATION DIVISION

*/s/ Edward D. Swidriski III*
**EDWARD D. SWIDRISKI III**
*Attorney-in-Charge*
Senior Assistant County Attorney
Texas Bar No. 24083929
SDTX Fed. Bar No. 3089960
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
Edward.Swidriski@harriscountytx.gov

**CHRISTOPHER GARZA**
Deputy Division Director
Texas Bar No. 24078543
SDTX Fed. Bar No. 1670532
Christopher.Garza@harriscountytx.gov

**NINA L. M. OISHI**
Assistant County Attorney
Texas Bar No. 24142250
SDTX Fed. Bar No. 3896599
Nina.Oishi@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2025, a true and correct copy of Defendants' Answer was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                        */s/ Edward D. Swidriski III*
                                        **EDWARD D. SWIDRISKI III**
                                        Attorney-in-Charge