IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH ZIMMERN; WILLIAM SOMMER; and CAROLINE KANE, <br><br>*Plaintiffs,*<br><br>v.<br><br>JUDGE LINA HIDALGO, *in her official capacity as County Judge for Harris County, Texas*; and TENESHIA HUDSPETH, *in her official capacity as County Clerk for Harris County, Texas*,<br><br>*Defendants.* | Case No. 4:24-cv-04439 |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS,
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.4(E), Defendants Harris County Judge Lina Hidalgo ("Judge Hidalgo") and Harris County Clerk Teneshia Hudspeth ("Clerk Hudspeth") file this reply in support of their motion to dismiss, for judgment on the pleadings, or in the alternative for summary judgment, ECF No. 41.

**NATURE AND STAGE OF THE PROCEEDING**

This is an action brought under 42 U.S.C. § 1983, asserting that "the constitutional rights of voters to a secret ballot" have been compromised in violation of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Defendants filed their dispositive motion on October 31, 2025, and Plaintiffs filed a response on November 14, 2025, ECF No. 43.

1

# ARGUMENT

Plaintiffs' response fails to engage with multiple arguments made in support of Defendants' motion. Of the arguments that Plaintiffs do make, most rehash contentions already presented to the Court in connection with Defendants' original motion to dismiss and/or Plaintiffs' motion for summary judgment. The following brief points underscore why the Court should grant Defendants' dispositive motion.

1. **Plaintiffs do not have standing.** Plaintiffs' response fails to show that they have suffered an injury-in-fact.

   - Zimmern maintains that "[a]ny judge he appears before could look up whether [he] voted for that judge" and that his ballot "remains searchable and easily known to county officials." ECF No. 43 at 18. But he does not point to any allegations in the complaint or any factual evidence establishing that his vote is actually traceable to him.

   - Sommer maintains that "[a]s an election judge, [he] knew his ballot was not secret," and that that this knowledge rendered his "decision to abstain from voting in a primary election" reasonable. ECF No. 43 at 19–20. But like Zimmern, Sommer points to no allegations or evidence establishing that his vote is actually traceable to him.

   - Kane maintains that she, "[u]nlike Zimmern and Sommer," has "already experience the public exposure of how she voted following the 2024 Republican Primary." ECF No. 43 at 20. But she does not rebut any of the deficiencies in her allegations and evidence that Defendants note in their motion, ECF No. 41-4 at 16–17.

Plaintiffs' response also fails to demonstrate causation or redressability. Furthermore, the occurrence of the highly unique circumstances necessary for a vote to be traced to a specific voter is unpredictable in advance, making any claim by Plaintiffs that their future votes will be

2

ascertainable too speculative to support prospective relief. And retrospective relief is barred for the reasons just stated for each Plaintiff.

For these and the other reasons already given in support of the motion, the Court should dismiss this action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

**2. Plaintiffs' claims are meritless and factually unsupported.**

Plaintiffs' response contains three main contentions that warrant mention here:

- Plaintiffs state: "Attached as Exhibit 2 to the Amended Reply, ECF No. 38-2, is an Affirmation from Barry Wernick which includes a step-by-step process of how to learn Joseph Trahan's vote, with permission from Mr. Trahan. ECF 38-3. Mr. Trahan's CVR is ECF No, 38-4." ECF No. 43 at 23. As the Court is aware, Defendants have objected to, and moved to strike, these documents. ECF No. 39.

- Plaintiffs contend that "[t]he combination of check-in time (recorded), polling location (in CVRs and rosters), and ballot style (tied to geography) means that in small windows (e.g., early morning at a single location) individual votes can often be matched to specific voters." For this proposition, Plaintiffs cite "Wernick Affidavit, ECF 35-1, at 5 ¶¶ 7-9." But the cited portion of that affidavit actually states that matching may occur in far narrower circumstances, i.e., "where a voter is the only voter from a precinct to cast a ballot at a particular polling location during a particular voting period—either during Early Voting or on election day." ECF No. 35-1 at 5 ¶ 9.

- Plaintiffs maintain that "the ability to trace even a small percentage of ballots" is unconstitutional but fail to provide legal support for that proposition, fail to rebut Defendants' various arguments against the legal viability of their claims under the First and Fourteenth Amendments.

3

For these and the other reasons already given in support of the motion, the Court should dismiss this action pursuant to Rule 12(b)(6), grant judgment on the pleadings against all of Plaintiffs' claims pursuant to Rule 12(c), or alternatively grant summary judgment against all of Plaintiffs' claims.

## CONCLUSION

The Court should grant Defendants' motion.

Dated: November 21, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G.C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**SARAH J. UTLEY**
MANAGING COUNSEL,
AFFIRMATIVE AND ENVIRONMENTAL

**CHRISTOPHER GARZA**
DIVISION DIRECTOR
AFFIRMATIVE & SPECIAL LITIGATION DIVISION

/s/ Edward D. Swidriski III
**EDWARD D. SWIDRISKI III**
*Attorney-in-Charge*
Senior Assistant County Attorney
Affirmative & Special Litigation Division
Texas Bar No. 24083929
SDTX Fed. Bar No. 3089960
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
Edward.Swidriski@harriscountytx.gov

**ELEANOR MATHESON**
Assistant County Attorney
Affirmative & Special Litigation Division
Texas Bar No. 24131490
SDTX Fed. Bar No. 3854524

Eleanor.Matheson@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, a true and correct copy of this reply was electronically filed using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

                                                  */s/ Edward D. Swidriski III*
                                                  **EDWARD D. SWIDRISKI III**
                                                  Attorney-in-Charge